UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Jeffrey A. Marcus and Patricia A. Marcus, | ) | Bankruptcy Case No. 12-16982 |
| | ) | |
| Debtors. | ) | Judge LaShonda A. Hunt |
| | ) | |

## NOTICE OF HEARING

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the **11th day of April, 2018, at 9:30 a.m.** or as soon thereafter as counsel can be heard, I shall appear before the Honorable LaShonda A. Hunt, Bankruptcy Judge, in the room usually occupied by her, Courtroom 719, at Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other Judge who may be sitting in her place and present **Debtors' Objection to Response to Notice of Final Cure Payment**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/John H. Redfield
CRANE, SIMON, CLAR & DAN
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the attached **Objection** to be served on all the parties listed on the attached Service List via first class mail, properly addressed, postage pre-paid, on the 8th day of March, 2018, before the hour of 5:00 p.m.

/s/John H. Redfield

## **SERVICE LIST**

Marilyn O. Marshall
224 S. Michigan Ave.
Suite 800
Chicago, IL 60604

Jeffrey A. Marcus
Patricia A. Marcus
1290 Sebring Circle
Elgin, IL 60120

Joel P. Fonferko
Codilis & Associates PC
15W030 N. Frontage Rd., Ste. 100
Burr Ridge 60527

Rushmore Loan Management Services, LLC
Attn:  Registered Agent
801 Adlai Stevenson Dr.
Springfield, IL 62703

Rushmore Loan Management Services, LLC
Attn: Terry Smith, CEO
15480 Laguna Canyon Rd.
Irvine CA 92618

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Jeffrey A. Marcus and Patricia A. Marcus, | ) | Bankruptcy Case No. 12-16982 |
| | ) | |
| Debtors. | ) | Judge LaShonda A. Hunt |
| _____ | ) | _____ |

**DEBTORS' OBJECTION TO RESPONSE
TO NOTICE OF FINAL CURE PAYMENT**

Jeffrey A. Marcus and Patricia A. Marcus ("Debtors") by and through their attorneys, John H. Redfield and the firm of Crane, Simon, Clar & Dan, Object to the Response of Ocwen Loan Servicing, LLC ("Ocwen") by stating as follows:

**Background**

1. On April 25, 2012, the Debtors filed a Voluntary Petition for an Order of Relief under Chapter 13 of the Bankruptcy Code.

2. On August 2, 2012, the Debtors' Chapter 13 Plan providing for 100% distribution to all creditors was confirmed.

3. On October 6, 2016, the Debtors were offered a Home Affordable Modification Agreement ("HAMA"), reducing their monthly mortgage payment to $1,354.37 per Ocwen Loan Servicing LLC ("OCWEN"), letter dated October 6, 2016.

4. After a trial period, on October 17, 2016, the Debtors accepted the Home Affordable Modification Agreement attached hereto as **Exhibit 1** offered by Ocwen, lowering the monthly mortgage payment on the Debtors' residence from $1,774.50 to $1,354.37 ("Modification Agreement").

3

5. According to paragraph 3, the Loan Documents will automatically become modified on December 1, 2016 (the "Modification Effective Date") and all unpaid late charges that remain will be waived. "The Loan Documents will be modified and the first modified payment will be due on December 1, 2016."

6. In obtaining the Modification, the Debtors dealt with the Bankruptcy Department of Ocwen, as set forth in Ocwen's letter dated July 13, 2015 attached hereto as **Exhibit 2** demonstrating that Ocwen had notice of the Chapter 13 case.

7. From September, 2016 through May 2017, Ocwen accepted the modified monthly payments of the Debtors in the amount of $1,354.37 per the trial Modification plan and Modification Agreement.

8. On April 12, 2017, the Debtors were notified by Ocwen that the Modification Agreement was not binding because it was not approved by the bankruptcy court. See attached **Exhibit 3**.

9. Not coincidentally, on April 26, 2017, the Debtors were notified that the ownership of the Debtors' mortgage was transferred. See attached **Exhibit 4**.

10. On May 11, 2017, a Notice of Final Cure, pursuant to Rule 3002.1 was sent to Ocwen by the Bankruptcy Court.

11. On May 22, 2017, Ocwen filed a Response to Notice of Cure Payment attached as **Exhibit 5** stating that the Debtors had cured the prepetition default but were not current with their post-petition payment in the sum of $12,814.23 as a result of paying the modified monthly payments rather than paying the pre-modified monthly payments.

12. On June 20, 2017, the Debtors received their discharge and the Chapter 13 case was closed on November 22, 2017.

13. On July 27, 2017, the attorney for the Debtors wrote Nationstar, the then current servicer, that the Mortgage was modified and court approval was not necessary according to case law with accompanying citations. Furthermore, approval of the Bankruptcy Court was not made a condition of the Modification Agreement even though Ocwen's bankruptcy department handled the Loan Modification.

14. The current servicer of the mortgage is now Rushmore Loan Management Services ("Rushmore").

15. The Mortgagee does not acknowledge the Modification Agreement because it was not approved by the Bankruptcy Court and keep increasing the amount of the alleged default.

## Discussion

In December, 2016, close to the end of their Chapter 13 case, the Debtors obtained a Loan Modification Agreement from Ocwen lowering their monthly payment from $1,734.59 to $1,354.37 (**See Exhibit 1**). In order to obtain the Modification, the Debtors provided Ocwen with numerous documents and completed a trial payment period. Bankruptcy Court approval was not a condition in the Modification Agreement and the Debtors were never told that bankruptcy approval was necessary. Besides completing the trial period, the Debtors made at least four (4) modified payments pursuant to the Modified Agreement.

On May 22, 2017, in Ocwen's Response to Notice of Final Cure Payment, Ocwen admitted the pre-petition default was cured but stated that a post-petition default existed because the Debtors made nine payments at the modified rate of $1,354.37 per month pursuant to the trial period agreement and the Loan Modification Agreement.

After the Chapter 13 was completed, the mortgagee clarified that the Loan Modification Agreement would not be honored because the Debtors did not obtain court approval of the Loan Modification Agreement placing the Debtors in a retroactive default. At the request of the Mortgagee, the Debtors presented case law to the Mortgagee holding that post confirmation loan modifications may not be approved by the bankruptcy court regarding the Debtors' residence, which was disregarded by the Mortgagee.

In the case of *In re Smith,* 409 B.R.1 (Bankr. D.N.H. 2009), the court held that it does not have jurisdiction to approve stand-alone motions to approve loan modification agreements. The Court held there was no "case" or "controversy," and the courts do not issue advisory opinions." The Court further found no statutory basis exists to approve the agreed upon loan modification. The Court cited the anti-modification section of 11.U.S.C. §1322(b)(2) regarding residential mortgages and stated the mortgagee was free to waive its protections. As a result of the above, the stand-alone motion to approve the loan modification was denied because no case or controversy existed and no statutory basis for its approval existed.

The case of *In re Wofford,* 449 B.R. 362, 365 (Bankr.W.D.Wis. 2011) followed *In re Smith, supra.* The Court held there was no "case" or "controversy," no extension of new credit or any basis for an order approving the loan modification agreement. Therefore, the motion to approve the loan modification was denied because the parties were merely seeking a comfort order.

*In re Miore,* 2015 WL 5553534 (S.D. Ga 2015) also followed *In re Smith, supra,* and *In re Wofford, supra.*

The contention of the Mortgagee that the Loan Modification Agreement was not binding between the parties because it was not approved by the bankruptcy court is an improper attempt

6

to renege on the Loan Modification Agreement.  The above case law holds that the Court has no jurisdiction to grant a motion to approve a loan modification agreement.  Furthermore, the cases hold that the mortgagee is free to waive the anti-modification clause of 11 U.S.C. §1322(b)(2) and the lowering of monthly payments is not an extension of new credit.

The reason for the reneging after receiving at least four (4) months of monthly payments pursuant to the Loan Modification Agreement is quite obvious.  On April 12, 2017, the Debtors were sent a form letter stating that they were "no longer eligible for the loan modification" because "you have filed for bankruptcy protection and the proposed modified loan terms were not approved by the Bankruptcy Court."  "We are here to help!" (**Exhibit 3**).  This letter makes no sense because the Loan Modification Agreement was approved by the bankruptcy department of Ocwen at the tail end of this Chapter 13 case.  The Debtors had completed all the conditions precedent for the loan modification including the trial period payments.  After the Debtors made at least four (4) additional payments pursuant to the Loan Modification Agreement, the Mortgagee attempted to revoke the Loan Modification because the Debtors "filed for bankruptcy protection."  In fact, the Debtors were at the tail end of completing their 100% five year chapter 13 case.  The above is a blatantly improper attempt to revoke the Loan Modification Agreement that was in place for five (5) months.

On or about April 26, 207, fourteen (14) days after reneging, the Debtors were notified that the ownership of their mortgage had changed.  (**Exhibit 4**).  It is obvious that the seller or the buyer or both sought to renege on the Loan Modification Agreement to cause it to transfer at the original higher monthly payment rate.  The Debtors were never told before April 12, 2017, that the Loan Modification Agreement had to be approved by the Bankruptcy Court.  The reneging of the Loan Modification Agreement at the tail end of a five-year 100% Chapter 13

Plan in conjunction with the transfer (sale) is a wrongful reneging by the buyer and/or the seller. The attempt of the Mortgagee to condition the Loan Modification Agreement on bankruptcy court approval, which is not legally proper per the aforesaid cases, was a ploy to increase the value of the transferred mortgage.  The Debtors made nine (9) payments in reliance on the Loan Modification Agreement at the end of their 100% Chapter 13 case.  Suddenly, in conjunction with the transfer of the mortgage, the Debtors were unilaterally declared to be in default for complying with the Loan Modification Agreement.  Is this how the Mortga gee defines "help"?

## Conclusion

The Claim of Ocwen that the Debtor committed a post-petition default as set forth in its Response to Notice of Final Cure should be disallowed for the above stated reasons.

Respectfully submitted,
Jeffrey A. Marcus and Patricia A. Marcus

/s/John H. Redfield
One of his attorneys

Attorney for Debtors
John H. Redfield (Atty. No. 2298090)
Crane, Simon, Clar & Dan
135 S. LaSalle St., Ste. 3705
Chicago, IL 60603
312/641-6777
W:\JHR\Marcus\Obj to Rsp to Not of Cure Pymt.OBJ.docx